UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

FREDERICK EPPICH,                                    )
                                                     )
                    Plaintiff,                       )
                                                     )
v.                                                   )        2:25-cv-00522-SDN
                                                     )
FEDEX GROUND PACKAGE SYSTEM INC.,)
                                                     )
                    Defendant.                       )

## <u>ORDER</u>

Plaintiff Frederick Eppich sued Defendant FedEx Ground Package System Inc. ("FedEx") for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1), and Maine state law. ECF No. 1-3 at 10.[1] FedEx now moves the Court to compel Mr. Eppich to provide an explanation of the methodology used to calculate his alleged damages. ECF Nos. 6, 7. Specifically, FedEx requests that the Court order Mr. Eppich to provide an explanation of his damages calculation, including the identification of any "records, inferences, and assumptions" on which he relied for his most recent calculation. ECF No. 7 at 4.[2] FedEx additionally requests sanctions under Federal Rule of Civil Procedure 37, seeking attorneys' fees for the time spent filing the instant motion or, alternatively, an order barring the use damages calculations evidence at trial. *Id.* at 12. In

---

[1] Mr. Eppich originally joined a class-action lawsuit against FedEx for unpaid overtime wages under the FLSA in the Western District of Pennsylvania. ECF No. 1-1 at 1. On September 29, 2025, the Western District of Pennsylvania granted FedEx's "Motion on Misjoinder, Change of Venue, and Separate Trials," thereby severing each individual plaintiff's claims and transferring them to the district courts located in the plaintiffs' respective places of employment. *See Claiborne v. FedEx Ground Package Sys., Inc.*, No. 18-CV-1698, 2025 WL 2772339 (W.D. Pa. Sept. 29, 2025). Mr. Eppich's case was formally transferred to this District on October 14, 2025. ECF No. 1.

[2] All citations within this Order to parties' filings on the docket refer to the ECF-generated page number, not the parties' pagination of their filings.

response, Mr. Eppich argues he has already satisfied his disclosure obligations under Rule 26, and that the requirements of Rule 37 do not justify sanctions. ECF No. 9.

On February 26, 2026, the parties appeared before the Court for a hearing on FedEx's motion to compel. For the reasons that follow, the Court **GRANTS IN PART** FedEx's motion to compel with respect to the disclosure of an explanation of Plaintiff's damages calculations and an award of attorneys' fees, and **DENIES IN PART** the motion with respect to the request to bar the use of damages evidence at trial.

## BACKGROUND

The parties are presently engaged in a protracted discovery dispute over the disclosure of the damages calculations and methodology Mr. Eppich's counsel used to calculate the unpaid overtime wages alleged under the FLSA and Maine state law. On August 16, 2024, Plaintiff[3] provided the first set of damages calculations and an accompanying declaration prepared by Ms. Muskan Garg, a data analyst at Plaintiff's counsel's firm. ECF No. 7 at 4; *see* ECF No. 7-1 at 7–12 ("Declaration I"). Following this initial disclosure, the parties discussed FedEx's concerns regarding "numerous errors" contained in Declaration I. ECF No. 7 at 4–5.[4]

On September 10, 2024, Plaintiff provided revised damages calculations and an Amended Declaration, *see* ECF No. 7-1 at 123–28 ("Declaration II"), which FedEx alleges was "riddled with mistakes and unsupported 'guesswork.'" ECF No. 7 at 5. On October 23, 2024, FedEx's counsel deposed data analyst Ms. Garg regarding Declaration II and the

---

[3] While the instant response was originally filed on behalf of all Plaintiffs in the class action lawsuit, Mr. Eppich remains opposed to disclosing an explanation of damages calculations for his individual claims.

[4] FedEx alleges Declaration I "contained many errors, including references to outdated documents, incorrect periods of time worked (as shown through discovery), and thinly-supported or unsupported guesses as to time worked, among other problems . . . ." ECF No. 7 at 4.

accompanying damages calculations. *Id.* at 6. During the deposition, Ms. Garg testified that no one had reviewed or checked her analysis. ECF No. 7-1 at 240, 9:24–10:7.[5] Further, when asked clarifying questions about her methodology and how she arrived at her conclusions, Ms. Garg replied on multiple occasions with a conclusory statement to the effect of "because that's how I did it." *Id.* at 252, 57:6–18; *see id.* at 257, 77:17–24, 78:21–79:2. Following the deposition, the parties agreed: (1) Plaintiff would reimburse FedEx for reasonable travel costs for the deposition; (2) FedEx would identify any errors in Declaration II and the accompanying damages calculations; and (3) following that, Plaintiff would provide revised damages calculations, after which FedEx would depose Ms. Garg again should any issues or disputes remain. *Id.* at 264–65, 108:17–109:9.

On December 16, 2024, Plaintiff provided revised damages calculations to FedEx without any revised declaration or other explanation for changes to the calculations. ECF No. 7 at 7; *see* ECF No. 7-1 at 280–355. FedEx asserts there are at least four discernable, material differences in the revised damages calculations, but that it is "impossible to know why the changes were made without a sufficient explanation" from Plaintiff's counsel. ECF No. 7 at 8. FedEx thus seeks the Court's assistance to mandate disclosure. Following the severance and transfer of Mr. Eppich's case to this District, his counsel confirmed— during the February 26 hearing—that they remain opposed to turning over a revised declaration or other explanation of the most recent damages calculations.

### DISCUSSION

FedEx now moves, under Federal Rule of Civil Procedure 26, to compel the disclosure of a revised declaration or explanation of the methodology Plaintiff's counsel

---

[5] Ms. Garg further testified that the instant case was the first time she had calculated damages for a plaintiff's claims on behalf of a law firm. ECF No. 7-1 at 243, 21:1–7.

used in the most recently provided damages calculations. ECF No. 7 at 4, 10. FedEx alleges that Mr. Eppich's failure to comply with Rule 26 has harmed FedEx in its preparation for trial and "led to an inordinate amount of inefficiency" by forcing it to analyze and prepare to address multiple different damages calculation disclosures. *See id.* at 11–12. FedEx further requests sanctions under Rule 37 in the form of attorneys' fees, or alternatively, an order barring Mr. Eppich from using undisclosed damages evidence at trial. *Id.* at 11; *see* Fed. R. Civ. P. 37(a)(5), (c)(1).

In response, Mr. Eppich argues he has already "far exceeded" the requirements of Rule 26 "by providing a detailed breakdown for each week [he] claim[s] to be owed overtime" and that a third declaration or other explanation of methodology is not required. ECF No. 9 at 2, 5. Mr. Eppich further asserts that, even if the Court finds a violation of Rule 26, no sanctions are justified because his interpretation of the Rule was "entirely reasonable" and FedEx has suffered no prejudice from non-disclosure. *Id.* at 7.

## I.      Rule 26

Under Rule 26, a party's initial discovery disclosure must include "a computation of each category of damages claimed by the disclosing party," and must also make available any evidentiary material, "unless privileged or protected from disclosure, on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). While Rule 26 "does not set a particularly high bar for compliance," *Lennar Ne. Props., Inc. v. Barton Partners Architects Planners Inc.*, No. 16-cv-12330, 2021 WL 927520, at *3 (D. Mass. Mar. 11, 2021), a party must—at a minimum—disclose enough to give the opposing party "notice of the damages alleged against it, and to ensure the effective administration of discovery," *W.N. Motors, Inc. v. Nissan N. Am., Inc.*, No. 21-cv-11266, 2022 WL 1568443, at *5 (D. Mass. May 18, 2022) (granting motion to compel discovery under Rule 26(a) and finding

that party "fairly" asked for either clarification of broad categories of damages or "any formula or methodology" the opposing party intended to use in calculating damages). Specifically, in FLSA overtime cases, where losses are based "on estimates of uncompensated time," a plaintiff seeking unpaid overtime wages is "required to identify these estimates and the justification for these estimates," including whether the estimates are based on any available maintained records. *Clark v. Berkshire Med. Ctr., Inc.*, No. CV 17-30186, 2019 WL 78994, at *3 (D. Mass. Jan. 2, 2019).

I find that FedEx's request for an explanation of the methodology used in the most recent damages calculation is both reasonable and justified under Rule 26. Mr. Eppich's counsel has already twice provided a declaration laying out the methodology and process Ms. Garg utilized. Following the third disclosure of damages calculations, counsel now contends they have satisfied their Rule 26 disclosure obligations by providing the "total amount sought and an itemized breakdown for each eligible workweek," without any further explanation. ECF No. 9 at 3. Accordingly, I find that Rule 26 compels disclosure of an explanation of the methodology used to calculate Mr. Eppich's alleged damages, which is necessary "to ensure the effective administration of discovery." *W.N. Motors*, 2022 WL 1568443, at *5. Counsel may disclose this information in a formal declaration or another format reasonably designed to provide FedEx with sufficient information to analyze Mr. Eppich's alleged damages and adequately prepare for trial.

## II.    Rule 37

Under Rule 37(a)(5)(A), upon granting a party's motion to compel discovery, a court must order payment of "the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the court finds (1) the movant filed the motion without "attempting in good faith to obtain the disclosure or discovery without court

action," (2) the opposing party's nondisclosure was "substantially justified," or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A); *see Dorado Gardens LLC v. Efron*, 749 F. Supp. 3d 263, 264 (D.P.R. 2024) (a violation of Rule 26's disclosure requirements will not trigger sanctions under Rule 37 if the party's failure to timely disclose was "substantially justified or is harmless"). "District courts have broad discretion in deciding which Rule 37 sanctions are appropriate for Rule 26 violations." *Corinth Pellets, LLC v. Andritz, Inc.*, No. 20-cv-00082, 2022 WL 17843877, at *3 (D. Me. Dec. 22, 2022); *see also Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009) (holding district courts have "broad discretion in meting out [discovery] sanctions" and "may choose a less severe sanction") (quotation modified)). "[W]hen noncompliance occurs, the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." *Dorado Gardens*, 749 F. Supp. 3d at 264 (quoting *Lawes v. CSA Architects & Eng'rs LLP*, 963 F.3d 72, 91 (1st Cir. 2020)).

Given the ongoing discovery dispute, FedEx seeks sanctions to recover costs incurred as a result of Mr. Eppich's non-compliance with Rule 26 or, in the alternative, to preclude evidence of damages calculations at trial. ECF No. 7 at 12–13.[6] I first conclude that FedEx's request to preclude Mr. Eppich from presenting damages evidence entirely is a disproportionate remedy and unsupported by the record. During the February 26 hearing, counsel for FedEx clarified their position, acknowledging they would exclude the time spent briefing the requested sanction of precluding evidence from their broader request for attorneys' fees. *See* ECF No. 55 at 84:14–86:7.

---

[6] Despite its request for attorneys' fees pursuant to Rule 37, FedEx has not provided the Court with an amount of fees incurred from the filing of the motion to compel.

Regarding the overall request for attorneys' fees, I find that FedEx is entitled to an award of reasonable costs incurred related to filing the present motion to compel. The record reflects that FedEx made a good-faith effort to resolve the discovery dispute before seeking court intervention. Specifically, FedEx submitted a statement detailing parties' email correspondence regarding the dispute, *see* ECF No. 6 at 2–3; ECF No. 7-1 at 362–65, and has previously engaged in detailed discussions with Mr. Eppich's counsel on the matter during Ms. Garg's October 2024 deposition, *see* ECF No. 7-1 at 264–65, 108:17–109:9. These communications demonstrate FedEx's compliance with the threshold good-faith requirement of Rule 37.

I next find Mr. Eppich's non-disclosure was not "substantially justified." Counsel had previously disclosed declarations explaining damages calculations on two separate occasions and have not offered a convincing reason why such disclosures should not be compelled here. Additionally, ample precedent establishes that, particularly in FLSA cases, parties must disclose the basis and method for damages calculations under Rule 26. *See Clark*, 2019 WL 78994, at *3 (in FLSA overtime cases, where losses are based "on estimates of uncompensated time," a plaintiff seeking unpaid overtime wages is "required to identify these estimates and the justification for these estimates," including whether the estimates are based on any available maintained records). Finally, there are no "other circumstances" which would make an award of attorneys' fees unjust. Because Mr. Eppich continues to seek a jury trial on his claims, FedEx has a legitimate need for this disclosure to adequately prepare for trial, and any further delay increases the potential for prejudice based on late disclosure.

Accordingly, I find FedEx is entitled to an award of reasonable attorneys' fees under Rule 37 for the time spent preparing and filing the instant motion to compel,

excluding the time spent briefing the request for a complete preclusion of damages evidence. The parties are instructed to confer and attempt to reach an agreement on the amount of attorneys' fees owed to FedEx. If the parties are unable to reach an agreement by April 10, 2026, FedEx must file an application with this Court by April 24, 2026, specifying all costs and expenses incurred and providing supporting documentation of the requested amount.

### CONCLUSION

For the foregoing reasons, FedEx's motion to compel Mr. Eppich's explanation of damages calculations, ECF No. 6, is **GRANTED IN PART** with respect to the disclosure of an explanation of damages calculations under Rule 26. FedEx's request for sanctions under Rule 37 is **GRANTED IN PART** with respect to the request for attorneys' fees, and **DENIED IN PART** with respect to the request to prohibit Mr. Eppich from introducing evidence of damages calculations at trial.

**SO ORDERED.**

Dated this 20th day of March, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**